UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA ZASARETTI-BECTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 587 DDN |
| | ) | |
| THE HABITAT COMPANY OF | ) | |
| MISSOURI, LLC, and | ) | |
| THE HABITAT COMPANY, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the court are the motion of defendants to preclude the introduction into evidence of testimony concerning certain statements made during mediation proceedings and for entry of a protective order (Doc. 41), and the joint motion of the parties to stay the case management order deadlines pending the court's ruling on the motion to preclude testimony (Doc. 42.) Oral argument was heard on December 17, 2012.

Plaintiff Maria Zasaretti-Becton commenced this action in 2012 in the Circuit Court of the City of St. Louis for violating the Missouri Human Rights Act (MHRA) for age discrimination and wrongful discharge from employment. Defendants, The Habitat Company of Missouri LLC and The Habitat Company LLC, removed the action to this court on the jurisdictional ground of diversity of citizenship. 28 U.S.C. §§ 1332 and 1441.

In her second amended complaint, filed April 11, 2012, plaintiff alleges claims of age discrimination and retaliatory discharge from employment under the MHRA and wrongful discharge under the common law of Missouri.

It is undisputed that in 2010 plaintiff filed a charge of age discrimination with the Missouri Commission on Human Rights. In that charge plaintiff alleged defendants discriminated against her on account of her age. She specifically alleged as follows:

    I.        I was hired by The Habitat Company as a Property Manager on January 1, 2001. I am 56 years old. On September 12, 2010 I was placed on a Performance Improvement Plan by Ms. Maria Jackson, Vice President. A new president was hired approximately two years ago and there have been a lot of terminations since that time, mostly of older employees. I manage a property with 300 units with the same amount of staff provided to the younger Property Managers that manage properties with only 100 units.

    II.       I was informed that I was being placed on the Performance Improvement Plan due to problems with a variance report I was to complete. I had only recently been trained on the report while younger property managers were given proper and timely training.

> III. I believe that I have been discriminated against by being disciplined on the basis of my age, in violation of the Age Discrimination in Employment Act.

On the charge form plaintiff did not check the box marked "retaliation." (Doc. 1-1.)

In 2011, the parties sought mediation of their disputes before the Equal Employment Opportunity Commission. On March 4, 2011, EEOC mediator Joseph Bretz conducted a mediation proceeding. Besides mediator Bretz, present were plaintiff pro se and Katherine Paul, defendants' vice-president and director of human resources, and Neil H. Dishman, defendants' counsel.

Before engaging in the mediation proceeding, plaintiff and defendants entered into a confidentiality agreement and an agreement to mediate. The confidentiality agreement provided in pertinent part:

> 1. The parties agree to participate voluntarily in mediation in an effort to resolve the charge(s) filed with the EEOC.
>
> 2. The parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding. Confidentiality, however, will not extend to threats of imminent physical harm or incidents of actual violence that occur during the mediation.
>
> 3. Any communications between the ADR Coordinator and the mediator(s) and/or the parties are considered dispute resolution communications with a neutral and will be kept confidential.
>
> 4. The parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any documents provided by a party in any pending or future administrative or judicial proceeding. The mediator(s) will not voluntarily testify on behalf of a party in any pending or future administrative or judicial proceeding. The parties further agree that the mediator(s) will be held harmless for any claim arising from the mediation process.

(Doc. 41, Ex. B.) The agreement to mediate provided that "mediation is a confidential process and the parties agree to abide by the terms of the attached Confidentiality Agreement." (Id. Ex. C.)

Defendants argue that during the March 4, 2011 mediation proceeding, they reached an agreement that settled plaintiff's charges of discrimination against them. The issue of settlement or not is not now before the court.

The issue before the court is whether certain statements by defendants' legal counsel, Neil Dishman, in the presence of defendants' corporate officer Katherine Paul and the EEOC mediator Joseph Bretz may be used as evidence in this action. In her November 2, 2012 deposition, plaintiff testified that attorney Dishman stated to her (a) she "didn't have a job to go back to," (b) she "no longer had a position with The Habitat Company," (c) she "no longer had a job to go to," (d) she "was no longer employed--would no longer be employed with The Habitat Company," and (e) she "would be let off with a letter of reference." (Doc. 44-1, Ex. A at 192-94.) Plaintiff argues that attorney Dishman made these statements to her in the presence of Ms. Paul who made no

comment about them. Also, during her deposition, plaintiff stated that during her private caucuses with mediator Bretz, he told her that he interpreted Dishman's statements to mean that she had been terminated from her employment. (Doc. 41-1, Ex. A at 202-03.)

Defendants advise the court that they have sought to depose mediator Bretz about plaintiff's assertions, but the EEOC has refused to allow him to testify, based upon the parties' confidentiality agreement. Further, counsel for plaintiff has issued a notice for the deposition of defendants' counsel, Neil Dishman, which defendants seek by the instant motion to have vacated by a protective order.

Defendants argue that attorney Dishman's statements and plaintiff's testimony about them are not admissible in this action. For this proposition defendants invoke the agreements the parties signed before entering the EEOC mediation; the EEOC's Alternative Dispute Resolution Policy Statement No. 915002 (Doc. 41, Ex. J); the Administrative Dispute Resolution Act, 5 U.S.C. §§ 571 et seq.; and Federal Rule of Evidence 408.

The language of the confidentiality agreement contains exceptions to its application. These exceptions regard (a) matters outside the charges filed with the EEOC, (b) matters "otherwise discoverable," and (c) "threats of imminent physical harm or incidents of actual violence that occur during the medication." (Ex. 41, Ex. B.) The court agrees with defendants that the purported statements by attorney Dishman do not fall into exception (b).

Attorney Dishman's statements, as described by plaintiff in her deposition, fall into exceptions (a) and (b). Regarding (a), plaintiff testified in her deposition that, when she entered the mediation proceeding she believed she was still employed by defendants and that they were in mediation over her charge of age discrimination in her employment by defendants. Plaintiff's alleged claim that defendants terminated her employment in retaliation for filing her charge of discrimination differs from the charge in mediation. Cf., Brooks v. Midwest Heart Group, 655 F.3d 796, 801 (8th Cir. 2011).

Confidentiality agreement exception (b) is similar to (a) in that an event such as the making of a statement, that allegedly violates the law, during a mediation process is otherwise discoverable, if it is relevant to a claim not part of the dispute being mediated. Cf. Athey v. Farmers Ins. Exch., 234 F.3d 357, 360 (8th Cir. 2000); Uforma/Shelby Business Forms, Inc. v. N.L.R.B., 111 F.3d 1284, 1293 (6th Cir. 1997). In this case, plaintiff would testify to attorney Dishman's statements.

Federal Rule of Evidence 408 does not shield attorney Dishman's statements during the mediation procedure. Rule 408 provides in relevant part:

> (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

F.R.Evid. 408. The rule does not apply to matters not related to the "disputed claim" which is the subject matter of compromise or mediation negotiations and it does not apply to statements involving a wrong committed in the course of mediation. Cf., Uforma/Shelby Business Forms, Inc. v. N.L.R.B., 111 F.3d at 1293-94; Athey v. Farmers Ins. Exch., 234 F.3d at 362; ReifSteck v. PACO Building Supply Co., 2005 U.S. Dist. LEXIS 24318, at *19.

The Alternative Dispute Resolution Act (ADRA) does not render inadmissible the putative statements of Mr. Dishman or of plaintiff recounting them for two reasons. First, the statements were not made in confidence to the neutral, but allegedly to plaintiff. 5 U.S.C. § 574(a). Second, the statements are relevant to an alleged wrongful termination of plaintiff from employment. See 5 U.S.C. § 574(a)(4)(B) (statements made during alternative dispute resolution proceedings are confidential unless a court determines that such testimony or disclosure is necessary to help establish a violation of law). Reifsteck v. PACO Building Supply Co., 2005 U.S. Dist. LEXIS 24318 at *19; Potenza v. City of New York DOT, 2008 U.S. Dist. LEXIS 8793 at **4-6 (E.D. N.Y. 2008).

The EEOC's Alternative Dispute Resolution Policy Statement No. 915002, by its own language limits itself to the parameters of the ADRA, which provides the exceptions discussed above that are relevant to this action. (Doc. 41-10, at 3-4) (EEOC Policy Statement is "[s]ubject to the limited exceptions imposed by statute").

Finally, defendants argue that denying their motion for a protective order will require protracted litigation with the Equal Employment Opportunity Commission over securing the testimony of mediator Bretz about what Mr. Dishman said during the mediation proceedings. Defendants argue that such would result in an unfair disadvantage to them because it would deprive them of the testimony of the only impartial witness to what transpired. These arguments are speculative and not a sound basis for sustaining defendants' motion for relief the law does not provide.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendants to preclude introduction of testimony concerning certain statements made during mediation proceedings and for entry of a protective order (Doc. 41) is denied.

**IT IS FURTHER ORDERED** that the joint motion of the parties to stay deadlines in the case management order pending resolution of the defendants' motion (Doc. 42) is sustained. Counsel shall discuss and submit to the court an proposed amended case management order not later than February 12, 2013.

		/S/   David D. Noce
	**UNITED STATES MAGISTRATE JUDGE**

**Signed on January 22, 2013 .**